UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Cameron Rognon,                              Case Nos. 3:20-cv-2519
                                                                                 3:21-cv-307

                 Petitioner,

v.                                                    ORDER

Warden, North Central
Correctional Complex,

                 Respondent.

Petitioner Cameron Rognon, proceeding *pro se*, has filed a motion to consolidate two cases in which he has filed petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent opposes Rognon's motion to consolidate. (*See* Case No. 3:20-cv-2519, Doc. No. 10).

In his first petition, Rognon challenges his 2019 conviction on two counts of gross sexual imposition (a third-degree felony and a fourth-degree felony) and his resulting six-year sentence. (Case No. 3:20-cv-2519, Doc. No. 1 at 1). Rognon asserts four grounds for relief: (1) ineffective assistance of trial counsel; (2) the trial court was not the proper venue to hear the fourth-degree felony charge; (3) the trial court erred in imposing consecutive sentences; and (4) the trial court erred by imposing a maximum sentence as to the third-degree felony. (*Id.* at 5-10). He argues his conviction on the fourth-degree felony charge, and his sentence on the third-degree felony charge, should be vacated. (*Id.* at 15).

In his second petition, Rognon asserts his due process and equal protection rights were violated when he "was denied the ability to file for sentence modification pursuant to [Ohio Revised

Code] 2929.20 for release to probation . . . [when] others in his class had been permitted to file, and were released in[ ] spite of the guidelines that were used to block his application." (Case No. 3:21-cv-307, Doc. No. 1 at 5). He seeks an order requiring the state courts to permit him to immediately file for a sentence modification, arguing the guidelines which govern the motions for modification "are void for vagueness and cannot be selectively and arbitrarily applied to some members of a class, and suspended for others." (*Id.* at 15).

A district court has discretion to consolidate two or more actions before the court if those actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a); *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1010-11 (6th Cir. 1993). Rognon argues the cases should be consolidated because they involve the same parties and have "common issues of fact as they are related to the petitioner's conviction and commitment in the state of Ohio." (Case No. 3:20-cv-2519, Doc. No. 9-1 at 1).

Respondent argues I should deny Rognon's motion to consolidate and dismiss his second petition because the second petition is a futile attempt to amend the first petition by adding state-law claims which are not cognizable in habeas proceedings. (Case No. 3:20-cv-2519, Doc. No. 10). While I agree Rognon's motion to consolidate must be denied and his second petition dismissed, I reach that conclusion for a different reason – the *Rooker-Feldman* doctrine.

In *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983), the Supreme Court held that federal district courts lack subject matter jurisdiction to hear a federal complaint which "essentially invite[s] federal courts of first instance to review and reverse unfavorable state-court judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The *Rooker-Feldman* doctrine prohibits a federal court from asserting jurisdiction over a plaintiff's claim when "the source of the injury the plaintiff alleges in the federal complaint . . . is the state court decision." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006).

Rognon's claims in his second petition fit squarely within the *Rooker-Feldman* prohibition. Importantly, he does not seek the type of relief which a writ of habeas corpus is designed to provide. *See Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973) (A writ of habeas corpus is "a remedy available to effect discharge from . . . confinement. . . ."). Instead, Rognon argues the state courts violated his due process and equal protection rights when they refused to consider his premature motion for judicial release. (*See* Case No. 3:21-cv-307, Doc. No. 1 at 5, 7). He seeks an order requiring the Ohio courts to permit him to file a motion for judicial release now, rather than after he has served five years of his stated prison term as set forth in Ohio Revised Code § 2929.20(C)(4).

As Rognon acknowledges, he already has sought this relief in state court, alleging the Logan County Court of Common Pleas prohibited him from filing his motion for judicial release and that the Ohio Third Appellate District rejected his appeal from the trial court's decision for lack of jurisdiction. (Case No. 3:21-cv-307, Doc. No. 1 at 5). Rognon's argument that I should reject the conclusion of the state courts and order them to consider his motion for judicial release is foreclosed by the *Rooker-Feldman* doctrine.

This Court lacks subject matter jurisdiction "when a plaintiff asserts before a federal district court that a state court judgment itself was unconstitutional or in violation of federal law." *McCormick*, 451 F.3d at 395. Therefore, I deny Rognon's motion to consolidate, (Case No. 3:20-cv-2519, Doc. No. 9), and dismiss his second petition for lack of subject matter jurisdiction. (Case No. 3:21-cv-307, Doc. No. 1).

So Ordered.

                                                  s/ Jeffrey J. Helmick
                                                  United States District Judge