IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CAMERON ROGNON,<br><br>                    Petitioner,<br><br>vs.<br><br>WARDEN NEIL TURNER,<br><br>                    Respondent. | CASE NO. 3:20-cv-2519<br><br>DISTRICT JUDGE<br>JEFFREY J. HELMICK<br><br>MAGISTRATE JUDGE<br>JAMES E. GRIMES JR.<br><br>**REPORT &<br>RECOMMENDATION** |

Petitioner Cameron Rognon filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Doc. 1. Rognon is in custody at the North Central Correctional Complex due to a journal entry of sentence in the case *State v. Rognon*, Logan County Court of Common Pleas, Case No. CR 18-08-0242. This matter has been referred to a Magistrate Judge under Local Rule 72.2 for the preparation of a Report and Recommendation. For the following reasons, I recommend that the petition be denied.

### Summary of facts

In habeas corpus proceedings brought by a person under 28 U.S.C. § 2254, factual determinations made by state courts are presumed correct. 28 U.S.C. § 2254(e)(1). The petitioner has the burden of rebutting that presumption by clear and convincing evidence. *Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012).

The Ohio Court of Appeals for the Third Appellate District did not recite the facts that gave rise to the charges against Rognon. In short, the state charged Rognon with eleven counts of various sex offences against two minor victims. One victim was less than 13 years old and both victims were Rognon's family members. Under a plea agreement, Rognon pleaded guilty to one count of gross sexual imposition against victim K.H. in Logan County and one count of gross sexual imposition against victim D.R. in Union County.[1] *See, e.g.*, Tr. 5-2, at 8, 14–15, 30, 43.

**Procedural background**

*1. Trial court proceedings*

In August 2018, the Logan County Grand Jury indicted Rognon on one count of rape, one count of attempted rape, three counts of gross sexual imposition, and four counts of public indecency. Doc. 5-1, at 5–7 (Exhibit 1). The location of the alleged conduct was Logan County, the dates were between 2016 through 2018, and the victim was K.H. *Id*. Rognon, through counsel, pleaded not guilty. *Id*. at 8 (Exhibit 2). In October 2018, the Logan County Grand Jury issued a superseding indictment charging Rognon with two additional counts: one count of gross sexual imposition and one count of public indecency. *Id*. at 11–15 (Exhibit 3). The location of the alleged conduct in the two new counts was Union County, the dates were 2013 and 2016 through

---

[1]    The summary of underlying facts is taken from the trial court's narrative during the plea hearing and sentencing.

2017, and the victim was D.R. *Id*. at 14. Rognon pleaded not guilty. *Id*. at 16 (Exhibit 4).

In January 2019, under a plea agreement, Rognon pleaded guilty to one count of gross sexual imposition against victim K.H. (count five) and one count of gross sexual imposition against victim D.R. (count ten). Doc. 5-1, at 20–21 (Exhibit 5). The remaining counts were dismissed. *Id*. The trial court accepted Rognon's change of plea and found him guilty of both counts. *Id*. In February 2019, the trial court sentenced Rognon to 60 months in prison on count five and 12 months in prison on count ten, to run consecutively, for a total prison term of six years. *Id*. at 30–33 (Exhibit 6).

    *2.    Direct appeal*

In March 2019, Rognon, through new counsel, filed a timely notice of appeal. Doc. 5-1, at 35 (Exhibit 8). In his brief, Rognon raised the following assignments of error:

> 1. The Trial Court Erred When it Exercised Venue Over Appellant With Respect to Count 10, Notwithstanding the State's Failure to Establish Beyond a Reasonable Doubt That The Logan County Court of Common Pleas Had Venue Over the Underlying Offense, Which Had Occurred Solely in Union County, and, Accordingly, its Conviction of Appellant for Gross Sexual Imposition Occurring Outside the Boundaries of Logan County, Ohio is Void.[2]

> 2. The Trial Court Erred When it Sentenced Appellant to Consecutive Terms of Imprisonment When the Record Did Not Support the Findings Required to be Made Under Ohio Revised Code Section 2929.14(C)(4).

---

[2]    Throughout this report and recommendation, Rognon's claims are reproduced as written and have not been edited.

3. The Trial Court Erred in Imposing the Maximum Sentence Allowed for Appellant's Conviction on Count 5, Which Was Not Consistent With Sentences Imposed for Similar Crimes by Similar Offenders.

Doc. 5-1, at 45 (Exhibit 9). The state filed a response and Rognon replied. *Id.* at 188, 227 (Exhibits 10, 11). In October 2019, the Ohio court of appeals affirmed the trial court's judgment. *Id.* at 200–13 (Exhibit 12).

*3.     Application to reopen appeal*

In January 2020, Rognon filed in the Ohio court of appeals a pro se application to reopen his appeal under Ohio Appellate Rule 26(B). Doc. 5-1, at 260 (Exhibit 13). In his application, Rognon argued that appellate counsel provided ineffective assistance for not raising the following assignment of error on appeal:

Appellate counsel was ineffective when he failed to raise the issue of ineffective assistance of trial counsel.

Doc. 5-1, at 263. In February 2020, the Ohio court of appeals denied Rognon's application on the merits. *Id.* at 267 (Exhibit 14).

In April 2020, Rognon appealed to the Ohio Supreme Court. Doc. 5-1, at 269 (Exhibit 15). In his brief in support of jurisdiction, he raised the following propositions of law:

1. The defendant was denied effective assistance of Appellate counsel guaranteed by the sixth amendment to the U.S. Constitution, Section 10 and Article 1 of the Ohio Constitution when his attorney failed to claim ineffective assistance of trial counsel.

2. The Trial Court erred when it exercised venue over appellant with respect to count 10, notwithstanding the state's failure to establish beyond a reasonable doubt that the Logan County Court of Common Pleas had venue over the underlying offense, which had occurred solely

4

in Union County, and, Accordingly, its conviction of appellant for Gross Sexual Imposition occurring outside the boundaries of Logan County, Ohio is void.

3. The Trial Court erred when it sentenced appellant to consecutive terms of imprisonment when the record did not support the findings required to be made under Ohio Revised Code 2929.14(C)(4).

4. The trial Court erred in imposing the maximum sentence allowed for appellant's conviction on count 5, which was not consistent with sentences imposed for similar crimes by similar offenders.

Doc. 5-1, at 272. The state filed a motion to dismiss, arguing that Rognon's appeal of the Rule 26(B) motion was untimely, *id.*, at 308 (Exhibit 17), and a memorandum in response, *id.* at 311 (Exhibit 18). On July 7, 2020, the Ohio Supreme Court declined under its rule of practice 7.08(B)(4) to accept jurisdiction of Rognon's appeal and denied the state's motion to dismiss. Doc. 5-1, at 317 (Exhibit 19).

### 4.    *Motions for Sentence Modification*

In March 2020, Rognon filed in the trial court a motion under Ohio Revised Code § 2929.20 for sentence modification. Doc. 5-1, at 318 (Exhibit 20). In April 2020, the court denied Rognon's motion. *Id.* at 336 (Exhibit 21).

In August 2020, Rognon filed a second motion for sentence modification. Doc. 5-1, at 340 (Exhibit 22). In September 2020, the trial court denied Rognon's motion. *Id.* at 366 (Exhibit 25).

In October 2020, Rognon appealed to the Ohio court of appeals. Doc. 5-1, at 373 (Exhibit 26). In November 2020, the Ohio court of appeals dismissed Rognon's appeal for lack of a final appealable order, explaining that a trial

court's decision denying judicial release is not a final appealable order. *Id*. at 381 (Exhibit 27).

     *5.*    *Federal habeas corpus petition*

In November 2020, Rognon filed a pro se federal habeas corpus petition under 28 U.S.C. § 2254. Doc. 1. He raised the following grounds for relief:

**Ground 1**: Ineffective assistance of counsel

    *Supporting facts*: The trial court erred when it exercised venue over defendant with respect to count 10. Because trial counsel never objected to venue the issue could not be raised on appeal.

**Ground 2**: Trial Court erred when it exercised venue over Appellant with respect to Count 10.

    *Supporting facts*: The state failed to establish beyond a reasonable doubt that the Logan County Court of common pleas had venue over the underlying offense which had occurred solely in Union County and accordingly, its conviction of Appellant for Gross Sexual Imposition occurring outside the boundaries of Logan County, Ohio is void.

**Ground 3**: The trial court erred when it sentenced appellant to consecutive terms of imprisonment.

    *Supporting facts*: The record of the case did not support the findings required in R.C. 2929.14(c)(4) for consecutive sentences.

**Ground 4**: Trial Court erred when it imposed maximum sentence on count 5.

    *Supporting facts*: Sentence was not consistent with sentences imposed for similar crimes by similar offenders.

Doc. 1, at 5–10. Respondent Warden Neil Turner filed a Return of Writ, Doc. 5, Rognon filed a Traverse, Doc. 6, and the Warden filed a reply, Doc. 7.

**Legal Standard**

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104–132, 110 Stat. 1214, petitioners must meet certain procedural requirements to have their claims reviewed in federal court. *Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 430 (6th Cir. 2006). "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." *Daniels v. United States*, 532 U.S. 374, 381 (2001). Although procedural default is sometimes confused with exhaustion, exhaustion and procedural default are distinct concepts. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). Failure to exhaust applies when state remedies are "still available at the time of the federal petition." *Id.* (quoting *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)). But when state court remedies are no longer available, procedural default rather than exhaustion applies. *Id.*

1. *Exhaustion*

A federal court may not grant a writ of habeas corpus unless the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A). A state defendant with federal constitutional claims must fairly present those claims to the state courts before raising them in a federal habeas corpus action. 28 U.S.C. § 2254(b),(c); *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971); *see also Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006) ("Federal courts do not have

jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts") (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)). A constitutional claim for relief must be presented to the state's highest court to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). And a habeas petitioner must present both the factual and legal underpinnings of the claims to the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). This means that the petitioner must present the claims to the state courts as federal constitutional issues and not just as issues arising under state law. *See, e.g., Prather v. Rees*, 822 F.2d 1418, 1421 (6th Cir. 1987); *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987).

> 2. *Procedural default*

Procedural default may occur in two ways. *Williams*, 460 F.3d at 806. First, a petitioner procedurally defaults a claim by failing "to comply with state procedural rules in presenting [the] claim to the appropriate state court." *Id.* In *Maupin v. Smith*, the Sixth Circuit provided four prongs of analysis to be used when determining whether a claim is barred on habeas corpus review due to a petitioner's failure to comply with a state procedural rule: whether (1) there is a state procedural rule applicable to the petitioner's claim and whether the petitioner failed to comply with that rule; (2) the state court enforced the procedural rule; (3) the state procedural rule is an adequate and independent state ground on which the state can foreclose review of the federal

8

constitutional claim; and (4) the petitioner can demonstrate cause for failing to follow the rule and actual prejudice by the alleged constitutional error. 785 F.2d 135, 138 (6th Cir. 1986); *see also Williams*, 460 F.3d at 806 ("If, due to the petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.") (citing *Maupin*, 785 F.2d at 138).

Second, "a petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'" *Williams*, 460 F.3d at 806 (citing *O'Sullivan*, 526 U.S. at 848). "If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted." *Id*. While the exhaustion requirement is satisfied because there are no longer any state remedies available to the petitioner, *see Coleman v. Thompson*, 501 U.S. 722, 732 (1991), the petitioner's failure to have the federal claims considered in the state courts constitutes a procedural default of those claims that bars federal court review, *Williams*, 460 F.3d at 806.

To overcome a procedural bar, petitioners must show cause for the default and actual prejudice that resulted from the alleged violation of federal law that forms the basis of their challenge, or that there will be a fundamental miscarriage of justice if the claims are not considered. *Coleman*, 501 U.S. at 750.

3.    *Merits Review*

To obtain habeas relief under 28 U.S.C. § 2254, a petitioner must show either that the state court decision (1) resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court ("contrary to" clause); or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings ("unreasonable application" clause). 28 U.S.C. § 2254(d).

Under the *contrary to* clause, a federal habeas court may grant a writ if the state court "arrives at a conclusion opposite to that reached by the [United States Supreme] Court on a question of law or [based on] a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). Under the *unreasonable application* clause, a federal habeas court may grant the writ "if the state court identifies the correct governing legal principle from th[e] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "Clearly established federal law" refers to the holdings, not dicta, of the Supreme Court's decisions as of the time of the relevant state court decision, and legal principles and standards flowing from Supreme Court precedent. *Id.* at 412; *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005). A state court is not required to cite Supreme Court precedent or reflect an awareness of Supreme Court cases, "so long as neither the reasoning nor the result of the state-court decision contradicts" such precedent.

*Early v. Packer*, 537 U.S. 3, 8 (2002); *Lopez v. Wilson*, 426 F.3d 339, 358 (6th Cir. 2005). If the Supreme Court has not addressed the petitioner's specific claims, a reviewing district court cannot find that a state court acted *contrary to*, or *unreasonably applied*, Supreme Court precedent or clearly established federal law. *Carey v. Musladin*, 549 U.S. 70, 77 (2006); *see White v. Woodall*, 572 U.S. 415, 426 (2014) ("Section 2254(d)(1) provides a remedy for instances in which a state court unreasonably applies this Court's precedent; it does not require state courts to *extend* that precedent or license federal courts to treat the failure to do so as error.").

In determining whether the state court's decision involved an *unreasonable application* of law, the court uses an objective standard. *Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas review so long as 'fair-minded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)); *see also Bray v. Andrews*, 640 F.3d 731, 738 (6th Cir. 2011). "A state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington*, 562 U.S. at 103.

**Discussion**

*1.    Ground One is procedurally defaulted*

    *1.1    Ground One*

In Ground One, captioned "Ineffective Assistance of Counsel," Rognon argues that the trial court erred when it "exercised venue over" him as to count ten. Doc. 1, at 5. Rognon states that because his trial counsel didn't object to venue, that issue was not preserved for appeal. Doc. 1, at 5. The Warden argues that Ground One is procedurally defaulted. Doc. 5, at 11.

Ground One is procedurally defaulted. Because this claim is based on the trial court record, it should have been raised on direct appeal. *See Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001) ("Ohio courts have consistently held that claims that can be adjudicated based on facts in the record can only be presented on direct appeal") (citing *State v. Lentz*, 639 N.E.2d 784, 785 (Ohio 1994)). Because Rognon didn't raise an ineffective assistance of trial counsel claim on direct appeal, his claim is procedurally defaulted. *See Buell*, 274 F.3d at 349.

Rognon complains that appellate counsel was ineffective for not raising on direct appeal an ineffective assistance of trial counsel claim. Doc. 6, at 6. Ineffective assistance of appellate counsel can serve as cause to excuse a procedural default, but only if the ineffective assistance of appellate counsel claim is not itself procedurally defaulted and the court finds that appellate counsel was constitutionally ineffective. *See Edwards v. Carpenter*, 529 U.S.

12

446, 451–53 (2000). Here, Rognon's ineffective assistance of appellate counsel claim is not procedurally defaulted because Rognon raised it in his Rule 26(B) Application to reopen and his subsequent appeal. *See* Doc. 5-1, at 263, 272. But Rognon doesn't show that appellate counsel was constitutionally ineffective.

This Court conducts de novo review of an ineffective assistance of counsel claim when determining whether it can establish cause to excuse a procedural default. *See Chase v. MaCauley*, 971 F.3d 582, 592 (6th Cir. 2020) (citing *Hall v. Vasbinder*, 563 F.3d 222, 236–37 (6th Cir. 2009)). The standard in *Strickland v. Washington*, 466 U.S. 668 (1984), applies to ineffective assistance of appellate counsel claims. *See Smith v. Robbins*, 528 U.S. 259, 285 (2000). Rognon must show that his appellate counsel was objectively unreasonable for not raising an ineffective assistance of trial counsel claim on direct appeal and a reasonable probability that, but for his counsel's unreasonable failure to do so, Rognon would have prevailed on appeal. *Id.* at 285–86 (citing *Strickland*, 466 U.S. at 687–91, 694).

It was not objectively unreasonable for Rognon's appellate counsel to not raise a claim that trial counsel was ineffective assistance for not objecting to venue on count ten. To recap: Rognon was tried in Logan County. In counts one through nine Rognon was charged with various sex offences, including rape, occurring in Logan County against a minor, K.H. Doc. 5-1, at 4–7. In counts ten and eleven, Rognon was charged with sex offences which were part of a

course of criminal conduct occurring in Union County against a minor, D.R. *Id.* at 14. Ohio Revised Code § 2901.12(H) states,

> When an offender, as part of a course of criminal conduct, commits offenses in different jurisdictions, the offender may be tried for all of those offenses in any jurisdiction in which one of those offenses or any element of one of those offenses occurred …. [A]ny of the following is prima-facie evidence of a course of criminal conduct:
>
> > (1) The offenses involved the same victim, *or victims of the same type or from the same group.*
> >
> > (2) The offenses were committed by the offender in the offender's same employment, or capacity, *or relationship to another.*

Ohio Rev. Code § 2901.12(H)(1)&(2) (emphasis added). Here, Rognon's victims were minors and Rognon's family members. Doc. 5-2, at 43. Those facts constitute prima-facie evidence under Ohio Revised Code § 2901.12(H)(1) and (2) that Rognon's acts were part of a course of criminal conduct such that venue was proper on all counts in Logan County. *See, e.g., State v. Stefan*, No. 104979, 2018 WL 565476, at *4 (Ohio Ct. App. Jan. 25, 2018) (minor victims are *victims of the same type* under Ohio Revised Code § 2901.12(H)(1)); *State v. Birt*, 5 N.E.3d 1000, 1008 (Ohio Ct. App. 2013) (familial relationship in sex abuse case is *relationship to another* under Ohio Revised Code § 2901.12(H)(2)). So any objection to venue would have been meritless, and it was not objectively unreasonable for Rognon's appellate counsel to not allege that trial counsel was ineffective for failing to object. *See Smith*, 528 U.S. at 285; *Bennett v. Brewer*, 940 F.3d 279, 286 (6th Cir. 2019) ("Because failure [of appellate

14

counsel] to raise a meritless claim is not ineffective assistance, Bennett must establish a reasonable probability that her trial-counsel claims would have prevailed on direct appeal.").

Moreover, Rognon was facing life in prison on count one, rape of a minor less than ten years old, in Logan County. Doc. 5-1, at 12; *see* Ohio Rev. Code § 2907.02(B). Trial counsel negotiated a plea agreement. Doc. 5-1, at 21. Under the plea agreement the trial court dismissed nine counts, including the rape count. Rognon pleaded guilty to counts five and ten. *Id*. The court sentenced Rognon to six years in prison—five years on count five (Logan County) and one year on count ten (Union County). *Id*. at 30–31. So even if venue on count ten wasn't proper, under these circumstances—Rognon facing nine counts in Logan County and life in prison—trial counsel's actions would be considered "sound trial strategy." *Strickland*, 466 U.S. at 689. Because Rognon doesn't show that his ineffective assistance of trial counsel claim would have prevailed on direct appeal, he can't show that appellate counsel was ineffective for failing to raise it. *See Smith*, 528 U.S. at 285; *Bennett*, 940 F.3d at 286.

Finally, Rognon has not shown that he suffered a fundamental miscarriage of justice such that his is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). A claim of actual innocence "requires the petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory

scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Rognon has not presented such evidence. Ground One is procedurally defaulted.

### 1.2    Additional claims

In his Traverse, Rognon also asserts that trial counsel "never informed [Rognon] that [Rognon] was waiving jurisdiction on count 10" and that, as a result, Rognon's guilty plea was not knowing, intelligent, or voluntary. Doc. 6, at 5–6. Rognon also complains that trial counsel didn't present to the trial court mitigating evidence. *Id.* at 5–6. But those claims are different from the claim Rognon raised in his Petition. Rognon can't present new habeas grounds in his Traverse. *Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2000).

Even if the Court considers Rognon's new claims raised in his Traverse, those claims are procedural defaulted. Rognon's claim that trial counsel's ineffectiveness rendered his guilty plea not knowing, intelligent, or voluntary, is procedurally defaulted for the same reason as above—Rognon didn't raise that claim on direct appeal. *See Buell*, 274 F.3d at 349. And ineffective assistance of appellate counsel for failing to raise it on direct appeal doesn't constitute cause to excuse the procedural default. This is so because Rognon can't show that the underlying claim has merit. *See Bennett*, 940 F.3d at 286. Specifically, Rognon must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have

insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Rognon asserts that he "most likely would have not accepted the plea to count 10 which would have possibly altered the outcome of the plea itself." Doc. 6, at 6. Rognon's equivocal statement is not sufficient to show that but for counsel's alleged errors Rognon would have insisted on going to trial. *Hill*, 474 U.S. at 60. Because Rognon's ineffective assistance of trial counsel claim would have failed on the merits, appellate counsel was not ineffective for failing to raise it. *See Bennett*, 940 F.3d at 286.

Rognon's assertion that trial counsel didn't present to the trial court mitigating evidence during Rognon's plea hearing, Doc. 6, at 5–6, is procedurally defaulted because Rognon didn't raise this claim in state court. And Rognon didn't cite the failure to raise this claim as a reason why appellate counsel was ineffective, so any ineffective assistance of appellate counsel claim is itself procedurally defaulted and can't constitute cause to excuse the procedural default of the underlying claim. *See Edwards*, 529 U.S. at 453.

### 2. *Ground Two is not cognizable*

In Ground Two, Rognon argues that the trial court erred when "it exercised venue over [Rognon] with respect to count 10." Doc. 1, at 7. But venue is a state-law issue that is not cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States"); *see also, e.g., Armstrong v. Wainwright*, No. 1:18-cv-1133, 2018 WL

8050904, at *10 (N.D. Ohio Dec. 20, 2018)[3] (venue claim is not cognizable on federal habeas review, collecting cases). Moreover, as explained above, the indictment described prima-facie evidence of venue on count ten under Ohio law.

### 3. Ground Three and Four are not cognizable

In Ground Three, Rognon argues that the trial court erred when it sentenced him to consecutive sentences. Doc. 1, at 8. Rognon asserts, "the record of the case did not support the findings required in R.C. 2929.14(C)(4) for consecutive sentences." *Id.* In Ground Four, Rognon argues that the trial court erred when it imposed the maximum five-year sentence on count five and that Rognon's sentence was inconsistent with other sentences imposed "for similar crimes by similar offenders." Doc. 1, at 10.

Sentencing errors are state-law issues that are not cognizable on federal habeas review. *See Estelle*, 502 U.S. at 67–68. A claim alleging a violation of Ohio Revised Code 2929.14(C)(4) is not cognizable. *See, e.g., Thompson v. Bracy*, No. 1:19-cv-58, 2022 WL 676288, at *23 (N.D. Ohio Jan. 14, 2022) (claim that the trial court failed to make findings under Ohio Revised Code § 2929.14(C)(4) before imposing consecutive sentences rests on state law and is

---

[3]     Report and recommendation adopted, No. 1:18-cv-1133, 2019 WL 1670994 (N.D. Ohio Apr. 17, 2019), certificate of appealability denied, No. 19-3446, 2019 WL 5874623, at *2 (6th Cir. Oct. 8, 2019) ("challenges to the trial court's jurisdiction and venue … involve state law matters that are not cognizable on federal habeas review").

not cognizable).[4] A claim alleging a constitutional violation due to consecutive sentences is not cognizable unless the petitioner shows that the sentence exceeds the statutory range. *See, e.g., Croce v. Miller*, No. 1:15-cv-1758, 2017 WL 3394046, at *22 (N.D. Ohio July 12, 2017) (rejecting the petitioner's claim that consecutive sentences violated the petitioner's due process rights because there is no federal constitutional issue when a state sentence is within the state statutory range) (collecting cases).[5] Rognon doesn't allege that the sentence he received on each count or his total sentence exceeded the state's statutory limits.

In his Traverse, Rognon continues to argue violations of state law. He expresses disagreement with the trial court's findings under Ohio Revised Code § 2929.14(C)(4). Doc. 6, at 10. Rognon concedes that the trial court followed Ohio Revised Code §§ 2929.11 and 2929.12 when sentencing him but is unsatisfied with the court's finding about Rognon's likelihood to re-offend. Doc. 5-1, at 14–15. Those arguments don't describe violations of federal law. And Rognon's appeal to this Court describing why he believes that he is a good candidate for community control is unavailing. *See Linger v. Akram*, 23 F. App'x 248, 252 (6th Cir. 2001) ("A federal habeas court does not sit as a traditional appellate review with supervisory power to correct general errors

---

[4]     Report and recommendation adopted, 2022 WL 911260 (N.D. Ohio Mar. 29, 2022).

[5]     Report and recommendation adopted, 2017 WL 3382665 (N.D. Ohio Aug. 7, 2017).

19

committed by a state authority; rather, it has power only to accord relief for *constitutional violations*.") (citing *Donnelly v. DeChristoforo*, 416 U.S. 637, 642 (1974)).

Finally, Rognon cites Ohio cases and argues that some of the defendants in those cases received lesser sentences than Rognon did. Doc. 5-1, at 15–16. Rognon presented this claim to the Ohio court of appeals as a state law violation. *See* Doc. 5-1, at 65–66 (Rognon's brief on direct appeal arguing that under Ohio Revised Code § 2929.11(B) a felony sentence must be consistent with sentences imposed for similar crimes committed by similar offenders). So that claim also alleges a violation of state law and is not cognizable.

### Conclusion

For the reasons set forth above, I recommend that Rognon's Petition be denied.

Dated: March 13, 2023

 */s/ James E. Grimes Jr.*
 James E. Grimes Jr.
 U.S. Magistrate Judge

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530-531 (6th Cir. 2019).